UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DOREEN BENARY,

                         Plaintiff,

    -against-

SINGAPORE AIRLINES LIMITED,

                       Defendant(s).
------------------------------------------------------------------x

**Civil Action No.**

**COMPLAINT &**
**JURY TRIAL DEMAND**

Plaintiff, DOREEN BENARY, by her attorneys, BOHRER & LUKEMAN, PLLC, as and for her Complaint against Defendant, SINGAPORE AIRLINES LIMITED ("SINGAPORE AIRLINES"), alleges the following upon information and belief:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, insofar as Defendant, SINGAPORE AIRLINES LIMITED (hereinafter "SINGAPORE AIRLINES"), has offices and transacts business in the Eastern District of New York.

3. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391, insofar as the commercial airline flight on which Plaintiff's injuries occurred, and which forms the basis for the action, was traveling en route to John F. Kennedy International Airport in Jamaica, Queens County New York, located within the judicial boundaries of the Eastern District of New York.

4. Plaintiff Doreen Benary is a resident of the City and State of New York.

5. Defendant SINGAPORE AIRLINES is a foreign corporation authorized to do

business in the State of New York

6. Plaintiff's destination, pursuant to the contract of carriage which forms the basis of this cause of action was located in the State of New York.

7. At the time of the events complained of herein, Defendant SINGAPORE AIRLINES was a common carrier engaged in the business of transporting passengers for hire by air.

8. Further, personal jurisdiction over Defendant SINGAPORE AIRLINES is appropriate under Fed. R. Civ. P. Rule 4(k)(2) as this matter arises under federal law, that is, the Montreal Convention, a multilateral treaty obligation to which the United States is a signatory, and SINGAPORE AIRLINES, a foreign corporation with its principal place of business in Singapore, is not subject to jurisdiction in any state courts of general jurisdiction.

9. Exercise of personal jurisdiction under Fed. R. Civ. P. Rule 4(k)(2) as to SINGAPORE AIRLINES is consistent with due process, in particular, the Fifth Amendment to the United States Constitution, as SINGAPORE AIRLINES has sufficient minimum contacts with the United States as a whole in that it purposefully avails itself of the American market by each or all of the following:

    a. Operates in the United States under the authority of a Foreign Air Carrier Permit (as amended) issued by the United States Department of Transportation;

    b. Operates direct regularly scheduled flights on its own aircraft to and from the United States including New York's JFK Airport;

    c. Transports thousands of passengers weekly by way of air travel aboard its own aircraft to and from the United States in general and the State of New York in particular;

    d. Engages in the direct sales of airline ticket to U.S. citizens and residents in the United States and the State of New York;

    e. Employs flight related and administrative individuals in the United States and the State of New York;

    f. Owns and/or leases real property in the United States and in the City and State of New York;

    g. Transacts business daily including but not limited to the purchase of aviation fuel, passenger meals, and other flight related items in the State of New York totaling millions of dollars annually;

    h. Maintains cargo offices in the State of New York which regularly ship and receive freight totaling millions of dollars annually;

10. In furtherance of said business, Defendant SINGAPORE AIRLINES operates regularly scheduled commercial airline flights to and from the City and State of New York.

11. On or about October 8, 2024, Defendant operated and controlled a certain jet aircraft designated as SINGAPORE AIRLINES Flight SQ026 from Frankfurt (FRA) to John F. Kennedy International Airport, Jamaica, New York (JFK) ("the subject flight").

12. On or about October 8, 2024, Plaintiff Doreen Benary was a fare-paying, Business Class passenger lawfully aboard the subject aircraft and subject flight.

13. On or about October 8th, 2024, Defendant employed a cabin crew aboard the subject flight.

14. Said cabin crew were employees, agents, servants and/or contractors of the Defendant.

15. Defendant was responsible for the training, management, supervision, and/or control of said cabin crew aboard the subject flight, including but not limited to, the crew's adherence to standard passenger safety policies and protocol.

16. One of said cabin crew's safety responsibilities was to be aware of the seriousness of and respond appropriately when advised of a passenger's food allergy.

17. Thus, when a cabin crew member was placed on notice of a passenger's food allergy, said crew member had a duty of care to ensure that meals containing such allergens or their ingredients were not served to that particular passenger.

18. At all times relevant herein, Plaintiff suffered from a food allergy, specifically to shrimp.

19. Upon boarding the subject flight, Plaintiff informed one or more of the Defendant's employees, agents, contractors, and/or servants that she suffered from a food allergy, specifically to shrimp.

20. At all times subject to herein, Defendant, its employees, agents, contractors, and/or servants were thus aware, and had actual notice, that Plaintiff, Doreen Benary, suffered from a food allergy, specifically to shrimp.

21. Despite the aforesaid warnings, during the course of the subject flight's meal service, a member of Defendant's cabin crew served Plaintiff a meal containing shrimp.

22. Plaintiff was unaware that the meal she had been served by Defendant's cabin crew member aboard the subject flight contained shrimp until she had ingested a portion thereof.

23. Nearly immediately after ingesting a portion of said meal, Plaintiff detected the presence of shrimp and began to feel ill, wherein she questioned the flight attendant who admitted that she had made an error and apologized.

24. As a result of the negligence, carelessness, and/or recklessness of Defendant, its employees, agents, contractors, and/or servants, Plaintiff suffered a severe allergic reaction to the ingestion of shrimp.

25. As a result of the negligence, carelessness, and/or recklessness of Defendant, its

employees, agents, contractors, and/or servants, Plaintiff fell violently ill, requiring the aircraft to perform an emergency diversion to Paris, France, where Plaintiff was transported by ambulance and underwent emergency medical treatment at two separate medical facilities.

26. In so negligently, carelessly, and recklessly serving a known allergen to, and thus injuring Plaintiff, Defendant breached its duty of care and violated its own practices and procedures.

27. Plaintiff's adverse reaction to shrimp and the consequential injuries suffered as a result thereof were the result of an accident, or an unexpected or unusual event or occurrence external to the Plaintiff, and not from her internal reaction to the normal operation of the aircraft.

28. As a result of said accident, Plaintiff was injured.

29. As a result of said accident, Plaintiff was seriously injured.

30. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, and in the future will continue to suffer from same.

31. As a result of said accident, Plaintiff was required to undergo painful, emergency medical treatment.

32. As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits and interests and believes that in the future, she shall continue to be deprived of same.

33. As a result of said accident, Plaintiff suffered both economic and non-economic loss.

34. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

35. Pursuant to Article 21 of the Montreal Convention, Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to Plaintiff's

resultant injuries.

36. Pursuant to Article 21 of the Montreal Convention, Defendant cannot meet its burden of proving that Plaintiff's injuries were caused solely by the acts of third parties.

37. As a result thereof, Defendant cannot limit its liability to the Plaintiff.

**WHEREFORE**, Plaintiff, DOREEN BENARY, demands judgment against Defendant, SINGAPORE AIRLINES LIMITED, in an amount to be determined at trial, together with interest, costs and disbursements of this action.

### JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated:　New York, New York
　　　　June 17, 2025

**BOHRER & LUKEMAN, PLLC**

_____
Abram I. Bohrer, Esq. (AB 4336)
*Attorney for Plaintiff*
5 Columbus Circle,
Suite 1501
New York, NY 10019
Tel. No.: (212) 406-4232